424-0771-WC Panda Express Appellant by Scott Weber v. Illinois Workers' Compensation Comm'n et al. Epifiano Nieva Appellee by Jordan Broin The Honorable Court overturned the Illinois Workers' Compensation Commission finding and decision that Petitioner Mr. Nieva was entitled to Section 8c disfigurement for burns to the bilateral feed. Briefly, Petitioner's date of accident is not in dispute in this matter. However, whether Petitioner is entitled to Section 8c disfigurement is at issue in this matter and that is the only issue pending before this Honorable Court. Section 8c of the Workers' Compensation Act permits for an award of visual disfigurement for the hand, head, face, neck, arm, leg below the knee, or chest above the axillary line. Now, the appellee has conceded in their brief that a plain reading of the statute does not include the word for foot nor the word feet. However, the argument is that leg below the knee would therefore encompass the foot in addition to specifically the leg below the knee as enumerated in the statute. A similar case was ruled upon in 2012 by the 3rd District, which is the Will County Forest Preserve case. In that case, Your Honors, the court reviewed dictionary definitions as well as medical definitions to differentiate varying body parts enumerated by the act and raised by the parties. In the Forest Preserve case, the issue was a shoulder versus an arm. Section 8e permits for an award to the arm. The differentiator for that case is the dictionary definitions of the word arm as well as the medical definitions of an arm is specifically the upper limb between the shoulder and the wrist. We ask that this honorable court utilize very similar reasoning as the reasoning used in the Forest Preserve case by reviewing the dictionary definitions the appellate utilized in our brief submitted previously. The Stedman's medical dictionary definition of a leg is the two lower limbs of a human body, especially the part between the knee and the foot. We ask that the court utilize similar reasoning in its analysis of whether the foot could be reasonably inferred as part of the leg. Now, in the Forest Preserve case, they determined that a shoulder was the boundary for what an arm was. It's between the arm and the wrist, the hand below the wrist, the shoulder, the boundary for the arm. Similarly, reviewing the dictionary definitions and medical definitions in this matter, we would ask that the court view the leg below the knee portion of Section 8c very similarly. The foot is specifically noted to be similar to the shoulder, the boundary in which the leg is defined. And if the boundary of the leg, i.e. the foot, is excluded utilizing the reasoning of the shoulder versus the arm, we would ask that this honorable court find a very similar line of reasoning excluding the foot from disfigurement. Furthermore, the underlying purpose of the Workers' Compensation Act is to compensate individuals for industrial loss, hence the Industrial Commission being revised to the Workers' Compensation Commission. I would ask that the panel review the specifically enumerated body parts and determine what the body parts have in common. The hand, the head, the face, the neck, the chest above the axillary line, and the leg below the knee. Can I ask you a question? Yes, ma'am. Not to interrupt your flow, but doesn't it seem like the legislature said for disfigurement, you can't get it for everything. It's going to be basically what was likely to be hidden by clothes below the axillary line and leg above the knee, you can't get disfigurement. Or am I wrong? Justice, you are precisely correct. And actually, that's exactly where I was going to go is the body parts enumerated by the act are all body parts that could be reasonably perceived in an industrial setting, including wearing of clothes. Arms can be perceived by a short-sleeved shirt. Except that you're assuming leg wouldn't include the foot based on your dictionary analysis. Yes. And the reason that I would say the foot is not included in the leg is to give voice to the legislator's underlying intent. The definition of a leg is specifically excluding between the foot and the knee, according to the definitions, similarly to the definitions utilizing the Forest Preserve case. Additionally, though, Justice, as you point out, the non-enumerated body parts are the parts presumably covered by clothes in an industrial setting. Chest below the axillary line and leg above the knee. Those parts of the body, one could reasonably perceive would the pelvic region be covered by pants, the stomach and abdomen covered by a shirt. I would ask the panel to think whether the foot is more similar to the hand, which is regularly exposed or the face, which is regularly exposed or is more similar to the pelvis or the stomach or the abdomen, which is traditionally covered. I would argue that in most industrial settings, as I would contend most of us today are wearing both socks and shoes covering the foot in our workplace. Assuming that disfigurement is only disfigurement in the worksite, right? So, Justice, it is not necessarily assuming that disfigurement is only for the worksite. However, what I would argue is the purpose of the Workers' Compensation Act is to compensate individuals for industrial loss. The industrial loss has to be put first, and I would argue that all of the body parts enumerated are body parts that... How is there an industrial loss in disfigurement? I'm sorry, sir. I could not hear you, Justice. I know. We're having troubles with this lousy computer. I can hear you now, sir. How in general is disfigurement an industrial loss? That's a fantastic question, Justice. It would be parts of the body... Sorry. It would be parts of the body that could reasonably be perceived in the workplace setting as to somewhat cause a... And I don't mean to put the word in the definition, but cause a disfigurement to be perceived by other individuals in the workplace. Now, even if we wish to extend the definition... Isn't it kind of a narrow interpretation of the Workers' Compensation Act? My understanding was the Workers' Compensation Act was enacted to compensate workers for injuries they received by working in exchange for their inability to sue their employers for negligence. It's injuries sustained. I mean, the act itself merely provides how much money you get for each of these injuries. Yes, sir. And what are the benefits you're entitled to? I apologize. I spoke over you in the last portion of your question. That's all right. I was going to say, yes, that is fair. And is there a provision of the act which would permit for an award for the injuries petitioner sustained on an undisputed basis to the fee? And the answer is yes. The act permits for Section 8E11, which would be the permanent partial disability to the bilateral fee. All the appellant is arguing is that a plain and fair reading of Section 8C does not permit for an award for disfigurement to the foot. As my opponent pointed out in his brief, remanding the matter to the commission for an evaluation of the factors under 8B, I apologize, would be appropriate. Now, it's not necessarily that Mr. Nieva is in an all or nothing situation. It's not that if this panel determines that he is not entitled to Section 8C, he gets nothing for his injuries. Rather, we are just contending that the legislature and the intent of the legislature was clear. Disfigurement for the foot is not permitted. However, as my learned opponent pointed out, there is a provision of the act which would squarely permit Mr. Nieva to see, which would be Section 8E11 under the act. So we would contend that petitioner is able to seek benefit. Although it is a strict reading of the act, I do believe based upon prior precedent, it is the appropriate reading of the act. As indicated, the forest preserve case that I referred to clearly differentiates based upon the definitions of the words. Beyond that, the Illinois Supreme Court previously has ruled with respect to non-enumerated body parts being excluded for purposes of benefit under 8C. And in the Wallace case, granted it is a rather old case, they determined that the individual who sustained, similar to Mr. Nieva, an undisputed accident, but only sustained burns in a non-enumerated section, i.e. above the leg, was not entitled to 8C disfigurement. Now, that case had significantly less, I would argue, burns as it was a very minor, I believe several centimeter burn above the knee. Mr. Nieva underwent undisputed surgeries, which were paid for by the respondent, and he likely is entitled to an award. We just contend that petitioner and the appellee are pursuing their award in a section of the act which does not permit for it. And again, turning to the act itself, which is most significant as this is a matter of first instance, it specifically enumerates body parts which are reasonably perceived or not covered by clothes. I think it is a reasonable assertion. You're giving up on exposure in the workplace, perceived exposure in the workplace. Now, are you accepting it's in the workplace and outside of the workplace? Justice, I would continue to contend that the workplace should be the first and primary review of the, well, of the applicability of 8C. Have you been out in today's society? I'm sorry, sir. Today's society, we're almost into nudity here.  In other words, Crocs, shorts. You know, attire today is far different than the attire was at the time this act was enacted. Certainly, and I would argue that the attire was even different during the substantive revisions in 2011 when the value of disfigurement was increased, but the body parts were not altered. And taking into consideration the fact that this act in substance was recently reviewed as recently as 13 years ago, and the certain cases cited from 2003 and 2001 by counsel were not enumerated. The Workers' Compensation Act in and of itself is, as was pointed out by multiple justices, is a negotiated agreement between the employee and the employer to act as an exclusive remedy for injury. Now, 8C was negotiated for, reviewed, and enumerated, and nowhere in the enumeration of that provision permits an award to the foot. Accordingly, we do find that this matter should be remanded to the commission, allowing for the evaluation of the permanent partial factors. Thank you. Oh, you can finish your sentence. Thank you. I didn't want to run over. To allow for a review of the permanent partial factors as is permitted by the act and is excluded per 8C of the act, which does not include the foot. Thank you. Thank you, Mr. Weber. Questions from the court? No? Okay. Mr. Brolin, you may respond. Thank you. Can everybody hear me okay? Yes, I can. Yes. All right. My name is Jordan Brown. I represent Defendant Nieva in this matter. May it please the court, I think to start off with, I believe that the commission's definition of the foot as included as part of the leg below the knee should be adopted by this court. And to start with a statutory analysis, I think you have to look at the intent of 8C in conjunction with 8E. And I think right from the beginning, you see that there is an intent to compensate disfigurement differently than a specific loss of any one body part. And I think when you start from that point, the analysis from Will County does not apply perfectly with 8C. The main reason for that is that a week of disfigurement to the face and a week of disfigurement to the leg below the knee are equal under 8C. Under 8E, these dictionary definitions are more important because a week of disfigurement to the hand versus the arm or the foot versus the leg are not equal because there are different values for a hand versus an arm or a foot versus a leg. So I think there's a limitation in applying the analysis, the statutory analysis of Will County to 8C. And so I think once you kind of step back from these dictionary definitions, say, okay, what is the intent of 8C? And the intent of 8C is to identify areas that are visible to the public and compensate for scarring and disfigurement to those areas. And I think that once you look at it from that starting point, then the commission's interpretation as including the foot as part of the leg below the knee is reasonable. And it's kind of funny to me that we're talking about Will County again because we're looking at that involved the shoulder versus the arm. And I think under my opponent's narrow reading of 8C, the shoulder would arguably be excluded from disfigurement as well. At a certain point, the arm stops and the shoulder begins. The neck stops and the shoulder begins. The chest above the axillary line would stop and the shoulder would begin. So if you applied my opponent's reasoning to disfigurement of the shoulder, he would have to say that the legislator carved out some area in the shoulders from 8C as well. And I don't think that that's what the legislature intended. So I also wanted to touch. Are you saying is it Mr. Broen or Brown? It's pronounced Brown, Your Honor. Oh, okay. Mr. Brown, you're saying that disfigurement is a unique injury? I think it's unique in its remedy under 8C, and it's distinct from a scheduled loss under 8E. And I think that, therefore, applying the reasoning from Will County to 8C in terms of there being a requirement that. This is arguably a loss. I'm sorry, you cut out, Your Honor. Yeah, this is upsetting. That was arguably a loss, a functionality impairment. Am I correct? Yes. So the specific loss concerns disability versus a visual disfigurement or scarring. That would be the distinction. But I guess my point is. Oh, that's a disability? No, no, no. 8E is disability based on a specific loss of use of the body part. Yeah, that goes into the concept of impairment, correct? Impairment would be one factor that you would consider with disability, yes. Right. But disfigurement doesn't go to impairment, does it? Not necessarily, no. I mean, just the common ordinary understanding of terms. Correct. And that's why I'm trying to draw the distinction, maybe not very successfully, between an exhaustive list in 8C versus or lack of an exhaustive list of body parts versus there being a more detailed list in 8E. And the commission addresses this in some of its decisions as well. You wouldn't say that disfigurement or scarring to the fingers would be excluded because it's not enumerated in 8C. It's just considered part of the hand. And so that, I think, is analogous to the commission's position that the foot is included as part of the leg below the knee. If you had to rewrite the act. I'm sorry? Okay. If you had to rewrite the act, okay, would you even list body parts under the compensability for disfigurement? I would not, no. And then just briefly with my time, yes, if this court were to decide that an award for disfigurement to the feet is excluded by 8C, I think there's two options. One, you can affirm the commission's award under 8E. I don't think it has to be remanded to the commission. So my preference would be that the commission's award be affirmed under 8E in the alternative. And I think remanding it to the commission would be sort of a secondary option that would not be necessary. So with that, I'd open it up to any questions from the court. I'm a little confused as to exactly what you people want. My reading of your brief suggests that the circuit court's decision should be modified to affirm the commission's original award under 8C. Correct. That's what your brief says. Correct. That's my primary argument. And I'm a bit confused based on the circuit court's order, which doesn't appear to make much sense to me, where it says, in conclusion, while disagreeing with the commission's rationale, finding that the Avis could receive an award for disfigurement is less full pursuit to 8C, and then goes on to his 82. And then he concludes, says, accordingly, the award of the commission confirming the decision of the arbitrator is affirmed. Yeah, and I think the issue there is he's affirming it under 8E too, and he's mistakenly ignoring the fact that it could also be affirmed under 8E. I think that's the mistake that the circuit court is making. Then he shouldn't be confirming the commission's decision or affirming the commission's decision to confirm the decision of the arbitrator. Are you suggesting the only thing he affirmed was the amount of money? That's my understanding is he's affirming the number of weeks, but not as disfigurement under 8C. He's affirming it as man as a whole under 8D too, is my understanding of the circuit court. Well, then shouldn't the proper order have been he reversed the commission's award under 8C, and then somehow he awarded benefits under 8D too? That's why I call it a modification, Your Honor. To be honest with you, I'm kind of punting too. I wasn't quite sure how to thread that needle. I think the commission's award under 8C should be affirmed, and if that's reversing the circuit court or modifying the circuit court, I defer to you. Any further questions? None? Okay. Thank you. Thank you, Mr. Brown. Mr. Weber, you may reply. You're on mute. I can see that. There we go. Thank you, Justice. I apologize. No problem. I would like to turn to Justice Hoffman's line of questioning with respect to the circuit court order itself. The circuit court does agree that petitioner would not be entitled to disfigurement for the burn sustained to the foot, and that is clearly articulated by the award, or rather by the decision. I apologize. However, as indicated in both my learned opponent's brief and my own, it's inexplicably converted to 8D2. I would argue that the circuit court reasoned correctly based upon the interpretation and fair interpretation of the Act, specifically of 8C, that petitioner is not entitled to Section 8C, and in doing so, he attempted to convert the award to a section of the Act petitioner would be entitled to. But based upon a reading of his decision, it appears that the prior lower court judge was under the impression that because there was not a complete loss of one of the scheduled body parts, i.e. an amputation, that it would have to be converted to 8D2. And so my understanding, based upon a reading of this decision, indicates that while the court does agree that a fair reading of the statute would bar petitioner from a award under Section 8C, he still thinks there should be some type of compensation. And like I said, I would argue that this would be under 8E, which would be the scheduled loss of the foot. How long do you justify the last line in his decision that says the award of the commission confirming the decision of the arbitrator is affirmed? The decision of the arbitrator was 8C. Yes. Why is he affirming? Unfortunately, Justice, we were not afforded the opportunity for oral arguments. They were unilaterally stricken by the judge, and he rendered this decision independent of argument. I do believe had we been able to present our arguments, and I would have been able to personally request the overturn of 8C and a remand under 8E11, and counsel would have been able to argue for the affirming of 8C, the order would have been more clear. Unfortunately, we just didn't have that opportunity as the argument date was unilaterally struck by the judge. However, I would like to ask or somewhat answer the question posed earlier as how would you rewrite the act if given the opportunity, specifically in relation to 8C. And I do believe 8C, as written, is fairly exhaustive for the body parts which should be included. I would argue that the body parts that are excluded are generally those to be covered with clothes and those to be covered with shoes, and I do believe the act is written fairly as to compensate individuals for their loss. The act further being viewed as a whole still permits the individuals who do sustain some type of burning to the feet to seek an award and to seek compensation as is intended by the act. The only contention being raised is that a fair and plain reading of Section 8C does not permit for an award based upon a plain reading of the statute. However, it is certainly fair to say that Mr. Nieva, upon remand to the Commission, would be able to present his argument for permanent and partial disability to the bilateral fee, thereby substantiating a fair award, which is also justified under a fair and plain reading of the act. Thank you. Any questions from the court?  Well, thank you, counsel, both for your arguments in this matter this morning. It will be taken under advisement and a written disposition shall issue.